IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGININA

AT CHARLESTON

TIMOTHY DAGOSTINE AND
RAMONA DAGOSTINE,

    Plaintiffs,

        v.                    Civil Action No.: 2:22-cv-00220

MARK PENDLETON, CPA
BAKER TILLY US, LLP, AS
SUCCESSOR TO ARNETT
CARBIS TOOTHMAN LLP AND
STEVEN S. ROBEY, CPA,

    Defendants.

**AMENDED COMPLAINT**

COMES NOW Plaintiffs Timothy Dagostine and Ramona Dagostine, by their counsel Ronald N. Walters Jr., Guy R. Bucci, and Ashley N. Lynch, and hereby complains and alleges as follows:

        **A.    FEDERAL QUESTION JURISDICTION**

1.    That original federal question jurisdiction in this Honorable Court lies pursuant to 28 U.S.C. §1441(a) in that this is a civil action properly filed in this Honorable Court wherein claims are asserted directly implicating and arising under the constitution or laws of the United States and 28 USC § 1331 which provides as follows: "The district court shall have original jurisdiction of all civil actions under the constitution, law, or treaties of the United States."

2.    This action presents federal question jurisdiction which predominates over state law claims of Plaintiffs as alleged herein because those state law claims implicate significant federal

1

issues in that the state law claims turn on substantial questions of federal law, specifically provisions of federal income tax law as set forth in the Internal Revenue Code and the Code of Federal Regulations related thereto, particularly with respect to the United States Department of the Treasury ("Treasury"), Internal Revenue Service ("IRS") and its approval and subsequent termination of an Agreement pursuant to I.R.C. § 6159 (Title 26 U.S.C. § 6159) (hereinafter "Agreement") with the Plaintiffs dated November 5, 2015. This Agreement required timely submissions of IRS Form 433-F to the IRS at regular intervals in accordance with Internal Revenue Code and Treasury regulations, and also required further supplemental or updated financial information to the IRS. Further, the IRS had the right to determine, based on federal statutory and regulatory guidance, if there was a material change in financial condition of the Plaintiffs. Plaintiffs also had a right to administrative review and appeal of an adverse decision taken by the IRS with regard to any modification or cancellation of their Agreement by and through their representatives. Plaintiffs appointed Defendant Mark Pendleton, a certified public accountant, as Power of Attorney.

3. Additionally, the state law claims against Defendants as alleged in this Complaint do not include a federal right of action, however, the state law claims, again, turn on the application and interpretation of federal tax laws and regulations that must be first resolved and, therefore, strongly implicate a substantial federal interest in construing federal income tax laws and regulations.

4. That the Plaintiffs' state law claims pled are those that readily and substantially concern a dispute or controversy respecting the validity, construction, or application of federal income tax laws and regulations and implicate serious federal interests and the need for adjudication in a federal forum because the state law claims are completely enveloped by federal

income tax laws and regulations in the agreements, documents, compliance, administration, and collection of federal income tax, and the rights and liability of the Plaintiffs as federal income taxpayers and the actions of Defendants as described herein all substantially implicate federal income tax laws and regulations and collection procedures.

5. That in fact, the Plaintiffs' state law claims and any potential defenses to the Plaintiffs' state law claims will look exclusively to federal statutes, regulations and administrative procedures of the Internal Revenue Service and United States Department of Treasury for resolution on the merits.

6. That the federal government has a strong interest in the prompt and certain collection of taxes and assertion of liens and other collection methods and the ability to satisfy its claim under the laws and regulations of the federal income tax code and regulations. Accordingly, the federal government has a direct interest in the availability of a federal forum to effect the proper compliance for administration of its tax collection protocol and protection of IRS claims which show the superiority of the federal question jurisdiction and the experience of federal courts with federal tax matters and as set forth more specifically in the statement of facts incorporated herein.

7. That other federal interests include, but are not limited to, the right of the IRS to assert federal tax liens, to levy on income and bank accounts, as well as seize property or rights to property, and the U.S. Department of State to revoke a passport or decline to issue or renew a passport are all controlling of the state law claims adjudication.

**B. PARTIES AND VENUE**

8. That the Plaintiffs Timothy Dagostine and Ramona Dagostine, M.D. are married, the parents of two sons, and reside in Charleston, Kanawha County, West Virginia, and within the

Charleston Division of the United States District Court for the Southern District of West Virginia ("Southern District").

9. That the Plaintiffs are citizens, residents, and taxpayers whose income earning, business and professional activities are conducted within the Southern District, as were the preparation and filing of federal income tax returns and other filings and activities relating to compliance, administration, and application of federal income tax matters by Defendants as required by their contractual obligations to Plaintiffs.

10. That Defendant Mark Pendleton is a certified public accountant licensed by the State of West Virginia, he resides in the State of West Virginia, and within the Southern District, and at all times material hereto engaged in practice as a certified public accountant within the Southern District. Defendant Pendleton's certified public accountant activities included federal income tax matters on behalf of the Plaintiffs who were his clients and who engaged him contractually for that purpose, and those matters referenced herein relating to this Agreement. At all times material hereto he was employed by Arnett Carbis Toothman, LLP and supervised by Defendant Steven S. Robey, CPA.

11. The Defendant Steven S. Robey is a West Virginia resident and is a certified public accountant licensed by the State of West Virginia and at all times material hereto engaged and the practice of a certified public accounting as well as serving as the managing partner of the then existing certified public accounting firm Arnett Carbis Toothman, LLP and which was engaged contractually, by plaintiff, to provide certified public accounting activities. Defendant Robey was charged with supervision and management of Defendant Mark Pendleton, and the federal income tax matters herein. Defendant Robey also practiced as a certified public accountant for purposes,

inter alia, of representing Plaintiffs with respect to the Internal Revenue Service agreement concerning the submission of updated financial information as set forth herein.

12. That Arnett Carbis Toothman ("ACT") was registered with the State of West Virginia and elsewhere as a certified public accounting firm performing contractually *inter alia* tax preparation and representation of clients, including Plaintiffs, in federal taxation matters and employed Defendants Mark Pendleton, CPA, Steven S. Robey, CPA and others for those purposes as well, at its office within the Southern District.

13. That ACT is believed to have been dissolved or otherwise closed its practice while allowing its members and partners to continue lucrative careers by selling ACT or its assets, clients and/or book of business to Baker Tilly US, LLP ("Baker Tilly") effective November 1, 2021 and Baker Tilly is joined as a Defendant solely as a successor in ACT's practice of certified public accounting.

14. That in fact, Baker Tilly announced its intent to acquire ACT and, as such, as a successor in business or a successor in interest, and is located at the former address of ACT, 101 Washington Street, East, Charleston, West Virginia 25301, and within the Southern District.

15. That as a part of its acquiring ACT, Baker Tilly publicly stated as follows:
"ACT has top-notch talent, strong leadership and exceptional client relationships".

16. That ACT, before dissolving, claimed as follows:

> Leaders in accounting and consulting since 1946 Arnett Carbis Toothman, LLP provides forward thinking companies and businesses an array of class leading services, supported by nearly three quarters of a century of accounting and consulting experience. Our ACT team members are well regarded in their fields and adept at pinpointing and executing the most efficient and cost-effective services necessary to maintain the rhythm of your business.

5

### C. FEDERAL INCOME TAX LAW AND FEDERAL INCOME TAX REGULATION PROVISION

17. That the Plaintiffs' state law claims against Defendants raises issues of federal income tax law regulation and administration that must be resolved in a federal forum, and which implicate a substantial federal interest, as set forth in the following citations to the Internal Revenue Code, and the companion Code of Federal Regulations, relating to the following:

> A. I.R.C. § 6159 (Title 26 USC § 6159) – which governs taxpayer agreements for payment of tax liabilities in installments; the authorization process for such agreements; the extent to which those agreements remain in force or are terminated; what constitutes inadequate information or whether the installment plans completion would be in "jeopardy"; what constitutes a subsequent material change in a taxpayer's financial conditions; what the effect of a taxpayer's failure to make timely payments or provide financial information in a timely manner; requirements on the Secretary of the IRS to implement procedures for the review of taxpayer installment plans, specifically financial reviews of taxpayers every two years; administrative reviews; and the appeals process for terminated installment plans;
>
> B. I.R.C. § 7502(a) (Title 26 USC § 7502(a)) – Statutory requirements for determining the date of delivery of documents submitted to the Internal Revenue Service;
>
> C. I.R.C. § 7122(e) (Title 26 USC § 7122(e)) – governing administrative review of terminations;
>
> D. I.R.C. § 7123 (Title 26 USC § 7123) – providing appeals dispute resolution procedures and the IRS's alternative dispute resolution procedures and the process of implementing an appeal;
>
> E. I.R.C. § 6651 (Title 26 USC § 6651) – which provides penalties for a taxpayer's failure to file tax return or to pay a tax liability;
>
> F. I.R.C. § 6331(d) (Title 26 USC § 6331(d)) – which provides notice requirements prior to the IRS filing a levy for unpaid or underpaid taxes;
>
> G. Treas. Reg. § 301.6159-1 (26 CFR § 301.6159-1) – the Treasury Regulation governing installment agreements with taxpayers, including the terms and conditions of those agreements; requirements on updates of financial conditions; modifications to or terminations of installment

agreements; notice requirements; appeals of modifications or terminations; effect of installment agreements on collection activities by the IRS; and

H.      Treas. Reg. § 301.7502-1 (26 CFR § 301.7502-1) – governs the timely mailing and submission of documents to the IRS.

As provisions of federal income tax laws and regulations are so inexorably intertwined with the relief in this matter and, therefore, implicate substantial questions of federal law, this matter justifies resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues and in order to adjudicate the state law claims and defenses consistent therewith.

### D.      FACTUAL BASIS FOR CLAIMS

18.     That at all times material hereto, Defendants, which includes Baker Tilly as a successor in interest or in business in acquiring or assuming for good and valuable consideration the certified public accounting practice of ACT, and former partners or members including Defendants Pendleton and Robey had previously contractually agreed to represent Plaintiffs in the negotiation and maintenance of this Agreement and federal income tax compliance and in federal income tax collection as prescribed in provisions of the federal income tax code and applicable federal income tax regulations.

19.     That in fact, Plaintiffs engaged Defendants, and Defendants, contractually, in exchange for a fee, agreed to provide services, including to timely submit and confirm receipt by the Internal Revenue Service of updated financial information on behalf of Plaintiffs, and to maintain Plaintiffs' Agreement with the Internal Revenue Service.

20.     Such an agreement was approved and authorized by the IRS, and, further, it required Plaintiffs to remain current in their tax liability and with respect to the Agreement, which they did. As a further term of the Agreement, Plaintiffs were required to provide updated financial

information when requested by the IRS, and which Defendants agreed to ensure was properly and timely provided to the IRS and received by on Plaintiffs' behalf.

21. That in fact, Plaintiffs appointed Defendants as their Power of Attorney pursuant to the IRS prescribed form for this purpose, and Defendants, as they represented to the Plaintiffs they timely submitted to the IRS the required and requested updated financial information on forms prescribed by the IRS and that such information was timely received.

22. That in accordance with the subject Agreement as was known to Defendants, the Plaintiffs were required to maintain the terms and conditions and all applicable IRS collection guidelines would follow in the proceeding years. Further the subject Agreement would have Plaintiffs' make applicable monthly tax payments until the statutory collection period ended, thereby allowing any yet unpaid balances remaining to be statutorily discharged.

23. That on or about November 1, 2017, the IRS notified Plaintiffs of the need to discuss the Agreement and provide updated financial information as prescribed in the Agreement and by the federal income tax code and by federal tax regulations or face termination of their Agreement.

24. Plaintiffs as represented to them by Defendants promptly and timely submitted this required and requested updated financial information on the prescribed form of the IRS and dated November 7, 2017, to Defendant Pendleton, as a partner or member of ACT represented he did submit, as he had agreed he would, to the IRS and to preserve the Agreement and confirm the receipt by the IRS of the same.

25. That in fact, both verbally and in email confirmation, Defendant Pendleton, represented and confirmed to Plaintiffs, specifically, Timothy Dagostine, that he had submitted the prescribed IRS form known as Form 433-F, and signed by both Plaintiffs and dated November 7,

2017, to and received by the IRS by facsimile transmission to the IRS, and he was awaiting IRS confirmation of the approved continuation of the Agreement because there had been no material change in the Plaintiff's financial condition and, therefore, no basis to modify or cancel the Agreement.

26. That on April 23, 2018, Plaintiffs were notified for the first time by the IRS that the updated financial information had not been received and their Agreement was cancelled which was contrary to Defendant's frequent verbal, personal and electronic confirmations that Defendant Pendleton had timely furnished the necessary information to the IRS to maintain the Plaintiffs' Agreement with the IRS.

27. That Plaintiffs eventually requested that Defendants explain to them why the updated financial information was not timely received or processed by the IRS and why Defendants failed in their obligation to comply with federal tax laws and regulations for that purpose, resulting in the cancellation of the Agreement, but Defendants never provided such explanation or facsimile confirmation.

28. That as a direct and proximate result of Defendants' breach of their agreement and contract with Plaintiffs to timely complete the update of their financial information to the IRS as described herein in accordance with their agreement and in not timely appealing a denial of the payment agreement extension, the IRS terminated and cancelled the Plaintiffs' Agreement which was a financial benefit to Plaintiffs and was forever lost to them.

29. That as a direct and proximate result of Defendants' breach of their agreement and contract with Plaintiffs to submit their financial information to the IRS as described herein, Plaintiffs incurred harassment, threats, and damages from IRS agents in the form of asset seizures, liens, and on-going harassing and threatening communications causing financial damages, pain

and suffering, and emotional damage and increased federal income tax, as well as increased penalty and interest owed to the IRS.

30. That as a direct and proximate result of Defendants' breach of agreement and contract with Plaintiffs to their financial information to the IRS as described herein, Plaintiffs incurred additional expense obtaining assistance from other professionals in the tax and legal fields.

31. The parties, both Plaintiffs and Defendants, at the time of their contractual agreement, did understand and reasonably anticipate that a breach of contract would cause the above damages to naturally arise, according to the ordinary course of events following that breach. These damages were reasonably foreseeable to both parties at the time of contracting as they follow the ordinary course of events inherent to tax agreements with the IRS and Defendants' breach of the agreement to represent Plaintiffs to meet all terms and conditions of installment payment plans.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants as follows:

1. Judgment awarding damages in excess of the jurisdictional limit exclusive of interest and cost to Plaintiffs for compensatory damages naturally following from the breach of contract between them, including increased amount of federal income tax, penalty and interest owed to the IRS which was a benefit of the Agreement which was cancelled as a result of Defendants' actions and conduct as alleged herein;

2. Judgment awarding compensatory damages to Plaintiffs as a consequence of Defendants' breach of contract; and

3. Such further and other legal and equitable relief, including attorney fees and costs as this Court may deem just and necessary under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all of the claims asserted in this Complaint so triable.

          TIMOTHY DAGOSTINE
          <u>and RAMONA DAGOSTINE</u>,
          By Counsel,

/s/Ronald N. Walters Jr.
Ronald N. Walters, Jr., Esquire (WVSB #13736)
Walters Law Firm
16 Capitol Street
Charleston, WV 25301
(304) 391-8002


/s/Guy R. Bucci
Guy R. Bucci, Esquire (WVSB #0521)
Ashley N. Lynch, Esquire (WVSB #11714)
602 Tennessee Avenue
Suite 201
Charleston, WV  25302
(304) 550-5660